IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEDEDIAH TROGSTAD                                                    PLAINTIFF


v.                              Civil No. 4:19-cv-4097


WARDEN WALKER, Miller County
Detention Center; SHERIFF RUNYON, Miller
County, Arkansas; SERGEANT GRIFFIE;
SERGEANT GUTHRIE; CORPORAL T.
WEBB;  CORPORAL SMITH; CORPORAL
HENDERSON; and JASON MITCHELL,
Miller County Public Defenders Office                                DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Jedediah Trogstad pursuant to 42 U.S.C. §

1983.  Plaintiff proceeds in this matter *pro se* and *in forma pauperis*.  The case is currently before

the Court for preservice screening under the provisions of the Prison Litigation Reform Act

("PLRA"), under which the Court has the obligation to screen any complaint in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  28

U.S.C. § 1915.

## I.  BACKGROUND

Plaintiff filed his Complaint on August 21, 2019.  (ECF No. 1).  On September 9, 2019,

the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*.  (ECF No. 7).  That

same day, the Court directed Plaintiff to file an amended complaint by September 30, 2019.  (ECF

No. 9).  The Court's order stated that Plaintiff's amended complaint should include:

> [S]hort, plain statements telling the Court:  (1) the constitutional right Plaintiff
> believes was violated; (2) the name of the Defendant who violated the right; (3)
> exactly what the Defendant did or failed to do; (4) how the action or inaction of that
> Defendant is connected to the violation of Plaintiff's constitutional rights; and (5)

what specific injury Plaintiff suffered because of that Defendant's conduct. Plaintiff must repeat this process for each person he has named as a Defendant.

*Id.* (internal citation omitted).

Plaintiff filed his Amended Complaint on September 25, 2019. (ECF No. 10). According to Plaintiff's Amended Complaint, he is currently incarcerated in the Miller County Detention Center ("MCDC"), serving a sentence as a result of a judgment of conviction. Plaintiff's Amended Complaint alleges that the following Defendants violated his constitutional rights while he was incarcerated in the MCDC: Warden Walker, Miller County Sheriff Runyon, Sergeant Griffie, Sergeant Guthrie, Corporal T. Webb, Corporal Smith, Corporal Henderson, and Jason Mitchell, Public Defender. Plaintiff seeks compensatory and punitive damages.

Plaintiff asserts three claims. Plaintiff's first claim is for "cruel and unusual punishment" alleged to have occurred from June 8, 2019 to July 3, 2019. Plaintiff alleges that he was "housed" on a concrete floor for four weeks, which caused injuries to his hip and shoulder. Plaintiff further states that "when [he] addressed this issue, [he] received no reply." Plaintiff names Warden Walker, Sheriff Runyon, Sergeant Griffie, Sergeant Guthrie, Corporal T. Webb, Corporal Henderson, Corporal Smith, and MCDC Staff as the Defendants involved. Plaintiff asserts this claim against those Defendants in both their official and individual capacities and states "U.S. Constitutional Amendment 8 Cruel and Unusual Punishment inflicted" when asked to describe the custom or policy that caused the violation of his constitutional rights. *Id.*

Plaintiff's second claim is for "theft of funds," which Plaintiff alleges occurred between June 25, 2019 and July 9, 2019. Plaintiff names Warden Walker, Sergeant Guthrie, and Sergeant Griffie, in both their official and individual capacities, as those involved. When asked to describe the acts or omissions that form the basis for this claim, Plaintiff states "I was told this issue would be remedied. It never occurred. Warden Walker was address [sic], never replied. Sgt. Griffie

never returned my funds. I was not afforded simple comforts." With respect to the custom or policy that caused the alleged violation of his constitutional rights, Plaintiff states "[m]y funds were taken (Amend #4) and not returned. U.S. Constitutional Rights 4-8." *Id.*

Plaintiff's third claim is for "ineffective assistance of counsel," with the stated dates as "June 7, 2019 – still unresolved." Plaintiff names Jason Mitchell of the Miller County Public Defender's Office and "MCDC (Sheriff Runyon and staff)" as Defendants, naming them in both official and individual capacities. Plaintiff states "MCDC (staff) made every attempt to not help me with my issue. Jason Mitchell took 45 days to contact me even after several letter [sic], phone calls from me and wife. Harmed my job, family freedom." With respect to the custom or policy Plaintiff asserts caused the alleged violation of his constitutional right, Plaintiff states "U.S. Constitutional Amendment #6, lack of Due Diligence, Due Process, Bonding Codes, Executive output."

## II. STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,

541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The Court will first address Plaintiff's official capacity claims against all Defendants. Then the Court will separately address each of Plaintiff's three individual capacity claims and determine whether Plaintiff has alleged specific facts to support each claim.

### A. Official Capacity Claims

Under section 1983, a defendant may be sued in either his individual or official capacity or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims are treated as claims against Miller County, Arkansas. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010). "[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City*

*of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, Plaintiff "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A custom conflicting with a written policy can support an official capacity claim. *Johnson v. Douglas Cnty. Med. Dept.*, 725 F.3d 825, 829 (8th Cir.2013). However, a single deviation from a written policy does not establish a custom but, rather, to establish the existence of such a custom, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 828. Under this standard, "multiple incidents involving a single plaintiff could establish a custom if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Id.*

Plaintiff has identified no custom, policy, or practice of Miller County or the Miller County Detention Center which violated his rights. He, therefore, fails to state any plausible official capacity claim against any of the Defendants. Accordingly, Plaintiff's official capacity claims shall be dismissed.

**B. Concrete Floor**

As set forth above, Plaintiff's first claim is that "MCDC Housed me on the concrete floor for 4 weeks." Although Plaintiff names multiple defendants in both their personal and official capacities, he includes no allegations that any specific Defendant directly participated in this alleged unconstitutional violation.[1]

""Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). Merely listing a defendant in a case caption is insufficient to support a claim against that defendant. *Krych v. Hass*, 83 Fed. App'x. 854, 855 (8th Cir. 2003) (stating that court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Further, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, the supervisor must be personally involved in the alleged constitutional violation or his inaction must constitute deliberate indifference towards the constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Despite being advised by the Court that he must plead specific facts regarding each Defendant's involvement in each of the alleged constitutional deprivations, Plaintiff has failed to include direct allegations against any of the named Defendants for his first claim. Thus, the Court

---

[1] The Court previously ordered Plaintiff to amend his original complaint, and directed him to include specific information concerning the name of each Defendant who violated his rights and information about what each Defendant did or failed to do to constitute a violation. (ECF No. 9).

finds that he has failed to assert a claim related to the floor against any named Defendant in their individual capacity. *Clemmons*, 477 F.3d at 967. Therefore, that claim shall be dismissed.

The Court also notes that Plaintiff lists "MCDC Staff" as a defendant involved with his first claim, even though "MCDC Staff" is not listed in the case caption as a defendant. To the extent that Plaintiff intended "MCDC Staff" to be a separate defendant, the Court finds that this is far too vague to establish a causal link for liability to attach under section 1983. *Id.* Plaintiff's allegations must specifically set out each defendant's personal involvement in the alleged constitutional deprivation, and "MCDC Staff" does not establish who committed the alleged violation. Thus, the claims against "MCDC Staff" shall be dismissed.

### C. Theft of Funds

In his second claim, Plaintiff alleges that Defendants Walker, Guthrie, and Griffie stole his personal property. For the following reasons, this claim does not rise to the level of a federal constitutional violation.

Assuming *arguendo* that Defendants Walker, Guthrie, and Griffie unlawfully seized and retained Plaintiff's personal property, an unauthorized, intentional deprivation of property by a state or county employee does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment so long as a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Arkansas law provides a post-deprivation remedy for a loss of property in the form of an action for the tort of conversion. *See Brown v. Blake*, 86 Ark. App. 107, 116-17, 161 S.W. 3d 298, 305 (2004).

There exists a meaningful post-deprivation remedy for Plaintiff's alleged loss: seeking redress in Arkansas state court for his claim of stolen property. Thus, Plaintiff does not have a

valid federal claim under 42 U.S.C. § 1983. Accordingly, Plaintiff's second claim shall be dismissed.

### D. Ineffective Assistance of Counsel

Plaintiff's third claim is for ineffective assistance of counsel with respect to his representation by the public defender's office. Defendant Mitchell served as Plaintiff's public defender during his criminal proceedings. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981).

Plaintiff alleges that Defendant Mitchell took forty-five days to contact him, despite several letters and phone calls from Plaintiff and his family. However, Plaintiff has not alleged any facts indicating that Defendant Mitchell acted outside a lawyer's traditional functions as defense counsel at any time. Thus, under Plaintiff's alleged facts, Defendant Mitchell was not acting under color of state law while representing him. Accordingly, Defendant Mitchell is not subject to suit under section 1983. *Id.* For this reason, the Court finds Plaintiff has failed to state a cognizable claim under section 1983 against Defendant Mitchell. This claim shall be dismissed as to Defendant Mitchell.

Plaintiff also asserts the ineffective assistance of counsel claim against Defendant Runyon "and staff." Plaintiff's only allegations for this claim are that "MCDC (staff) made every attempt to not help me with my issue." (ECF No. 10, p. 8). This claim fails because Defendant Runyon and the other MCDC Defendants are not Plaintiff's attorney and, thus, could not render ineffective assistance of counsel. To the extent that Plaintiff's claim could otherwise be construed as denial of access to the courts, the claim would nonetheless fail because Plaintiff has not alleged that the MCDC Defendants prevented him from litigating a nonfrivolous and arguably meritorious claim

challenging his sentence or conditions of confinement. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Accordingly, Plaintiff's ineffective assistance of counsel claim against the other Defendants shall be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**IT IS SO ORDERED**, this 8th day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge